## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ZAHID N. QURAISHI**<br>UNITED STATES DISTRICT JUDGE | **U.S. COURTHOUSE**<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

January 10, 2024

## <u>LETTER ORDER</u>

Re:   **Commodities Futures Trading Commission v. Traders Global Group Inc.,** *et al.*
   **Civil Action No. 23-11808 (ZNQ)(TJB)**

Dear Counsel:

The Court has reviewed the Emergency Motion for Clarification filed by Defendants Traders Global Group Inc. and Murtuza Kazmi ("Defendants"). ("Motion," ECF No. 158.) Plaintiff Commodities Futures Trading Commission ("CFTC") opposes the Motion. ("Opp.," ECF No. 161.) The gravamen of the Motion is a request for clarification of the Court's November 14, 2023 Order ("PI Order," ECF No. 135) that, *inter alia*, reduced the scope of a freeze on Defendants' assets imposed by an earlier statutory restraining order. Defendants assert that the Motion is emergent because, in a parallel proceeding in Canada, the Ontario Superior Court of Justice has scheduled a hearing on January 16, 2024 to "settle the terms" of a "formal receivership order," and is expected to "determine the scope of the receiver's mandate and the extent to which Defendants' assets may be used to fund expenses." (Moving Br. at 1, 3–4; ECF No. 158-1.) For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the Motion.

The Motion seeks three specific elements of relief: (1) an order clarifying the extraterritorial effect of the PI Order; (2) an order instructing the CFTC to inform Canadian authorities of that clarification; and (3) an Order permitting Defendants to immediately take discovery of the CFTC's communications with the Ontario Securities Commission ("OSC"), the agency prosecuting the Canadian proceeding. (*Id*. at 11–12; ECF No. 158-1.) Defendants argue that the PI Order had extraterritorial effect insofar as it ordered that "all assets frozen under the prior SRO, including Defendant Kazmi's personal assets shall be released and returned to Defendants," without distinguishing "between assets inside and outside the United States or limit[ing] the extraterritorial application of the Order." (*Id*. at 1–2.)

As the CFTC repeatedly notes in its opposition, the Motion does not explain why Defendants are seeking this clarification, and the CFTC is unable to intuit Defendants' reasons. (Opp. at 1, 4, 8). The Court is at a similar loss. Nevertheless, in an effort to reduce confusion as to its PI Order, the Court sets forth the following.

The Court recognizes that the PI Order did require, as a condition of lifting the SRO's broader asset freeze, that "$12,080,000 (USD) of Corporate Defendants' assets remain frozen." (PI Order at 1.) As the Court noted in the accompanying Opinion, this was one of the proposals presented by Defendants. (Opinion issued January 14, 2024 at 26, ECF No. 134.) To the extent that there may have been any misunderstanding, the Court hereby clarifies that the limited freeze of the PI Order was solely related to claims brought *in this matter*. The Court was not asked, nor did it intend, to finally and conclusively resolve the scope of any *other* attachment to Defendants' assets based on similar claims that might have been brought in any *other* action in this District, much less in the United States or abroad.

As a practical matter, the Court also recognizes that its PI Order did not specify what assets constituting a value of $12,080,000 (USD) were to be held by Defendants, nor where those assets might be located.  Defendants did not provide those details as part of their proposal, and the Court left it to Defendants to navigate them.  Instead, the PI Order required Defendant Kazmi to file an affidavit reporting on the steps he had taken to secure the required assets.  (PI Order at 2.)  Defendant Kazmi timely filed the declaration and attested that the "great majority" of the corporate assets were in Canada and that $75,000,000 (USD) were subject to freeze directions issued by the OSC.  (ECF No. 145 ¶3.)  He stated his understanding that he was in compliance with the PI Order so long as at least $12,080,000 (USD) of the Canadian assets remained frozen under the OSC's freeze directions.  (*Id*. ¶5.)  He concluded by promising to authorize the transfer of $12,080,000 (USD) to his U.S. counsel's trust account in the event that the OSC's freeze directions were lifted.  (*Id*.)  The CFTC filed no objection to Defendant Kazmi's declaration.  In fact, the parties later reported to the Special Master that they agreed to these terms of Defendants' compliance.  *See* Letter to Special Master dated December 1, 2023 at 1–2; ECF No. 147.

With this in mind, to the extent that the Motion now seeks further clarification as to a more practical interplay between this Court's PI Order and the OSC's freeze directions, the undersigned advises that this Court has no objection to continuing an overlapping freeze as agreed to by the parties.  Should the Ontario court decide to reject an overlapping freeze of assets in Canada, this Court instructs the parties in this suit to immediately advise the undersigned so that this Court can consider to what extent it may need to revisit the conditions of the preliminary injunction in this matter.  Accordingly, the Court GRANTS Defendants' first request by providing the foregoing.

As to Defendants' second request that CFTC be ordered to report any clarification to the Ontario Superior Court of Justice, it is DENIED.  Defendants are instead instructed to immediately serve a copy of this Order on the parties to the Canadian proceeding as well as the Ontario Superior Court of Justice itself in whatever form appropriate for that court.

As to Defendants' third request that seeks discovery of communications between the CFTC and OSC, that is also DENIED.  The scope of discovery in this matter is governed by Federal Rule of Civil Procedure 26, which states in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  Defendants have articulated no connection between the interagency communications they seek and the claims or defenses asserted in this case.  In the absence of the requisite relevance, the Court finds no cause to order the discovery that Defendants request.

**IT IS SO ORDERED.**

ZAHID N. QURAISHI
**UNITED STATES DISTRICT JUDGE**

2