# Exhibit 1

| | |
|---|---|
| **From:** | Howell, Robert <RHowell@CFTC.gov> |
| **Sent:** | Thursday, February 29, 2024 4:36 PM |
| **To:** | Avi Perry |
| **Cc:** | Pendleton, Elizabeth; Ruvinsky, Nina; Paulson, Katherine; Robert Zink; Kurt Wolfe; Dakota Speas |
| **Subject:** | RE: CFTC v. TGG |

**[EXTERNAL EMAIL from rhowell@cftc.gov]**

Dear Avi,

We write in reference to your proposed motion for sanctions. At the outset, we note that as lawyers, representatives of the CFTC, and officers of the Court, we take seriously our professional and ethical obligations. As set forth below, we have taken action to address concerns relating to the CFTC declaration submitted in support of the CFTC's complaint and the questions asked during Mr. Kazmi's deposition regarding privileged information. Although we disagree with any suggestion in the proposed motion that there is evidence of bad faith or that the error in the declaration regarding certain payments (described below) had a material effect on the need for a statutory restraining order, the CFTC is mindful that it is critical that the Court have an accurate record in this litigation.

The CFTC has taken or is taking the following actions to cure each of the alleged deficiencies set out in the proposed motion and otherwise sets out the facts for your understanding if no cure is necessary.

1) Mischaracterization of the nature of certain remittances from a bank account controlled by Traders Global Group

- The CFTC has acknowledged its error, expressed its regret, and corrected the record in Court that CAD $31,550,000 was in fact a tax payment and not an "unidentified Kazmi Account." The CFTC also noted the error and correction in its Reply to Defendants' Response to Temporary Receiver's Motion for Fees and Expenses (Dkt. 148), and additionally corrected the record as to when the Ontario Securities Commission notified Mr. Edelstein and the lead trial attorney that the CAD $31,550,000 was a tax payment. Further, to ensure that the documentary record before the court is clear, the CFTC will be filing a corrected declaration with the Court.

2) Alleged Exaggeration of the scope of Mr. Edelstein's investigation

- Mr. Edelstein did in fact participate in a telephone interview with Jason Meyer on September 16, 2022. Mr. Edelstein did not take notes of this interview. However, all non-privileged documents associated with this interview have or will be produced to you in discovery. Since the interview did, in fact, occur we believe there are no remedial steps the CFTC can take.

3) Alleged Presentation false or misleading allegations about a cryptocurrency wallet purportedly controlled by Mr. Kazmi

- The declaration makes clear that the $3.62mm is tied to the "b95b" non custodial wallet, which is found in document bates numbered CB_C0526_00000006. We have re-checked the document and confirmed the calculation. Therefore, the Edelstein declaration is correct and there is nothing to cure.
- We believe your statement about the "only wallet with any activity received $1,082 of LTC (a cryptocurrency) on October 27, 2021" derives from a different Coinbase document (CB_C0526_00000004).

4) Counsel sought privileged information from Mr. Kazmi

1

- This is not covered by Rule 11. However, the CFTC takes the protections of privileged communication seriously and is ensuring that staff remain cognizant of their obligations and the law relating to the assertion of privilege, including updating staff through appropriate training. Here the challenged line of questioning was objectionable and unnecessary. Since defense counsel objected to the line of questioning identified in the proposed motion for sanctions as problematic and no privileged information was disclosed (and no privilege waived), the CFTC is not aware of additional steps the CFTC can take to cure any alleged error in the record.

Other Measures

To address the concerns raised and to ensure that Commission counsel and defense counsel can productively engage on the substantive allegations of the Commission's complaint, the Division of Enforcement will staff the litigation with a new Chief Trial Attorney and new lead line attorney.

Please let us know if you would like to discuss further the issues raised in your proposed sanctions motion.

Regards,
Rob



**Robert T. Howell**
Deputy Director, Division of Enforcement
**Commodity Futures Trading Commission**
312-596-0590
rhowell@cftc.gov



---

**From:** Avi Perry <aviperry@quinnemanuel.com>
**Sent:** Thursday, February 15, 2024 11:21 AM
**To:** Howell, Robert <RHowell@CFTC.gov>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Burden, Ashley <ABurden@CFTC.gov>; Paulson, Katherine <KPaulson@CFTC.gov>; Robert Zink <robertzink@quinnemanuel.com>; Kurt Wolfe <kurtwolfe@quinnemanuel.com>; Dakota Speas <dakotaspeas@quinnemanuel.com>
**Subject:** RE: [EXTERNAL] CFTC v. TGG

> aviperry@quinnemanuel.com appears similar to someone who previously sent you email, but may not be that person. Learn why this could be a risk

**CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

---

Rob,

We asked for a meeting several weeks ago to discuss what we perceive to be misconduct by the trial team, as well as a possible resolution framework. You declined to meet with us at the time, and we subsequently received a settlement offer that was materially worse than even the initial potential terms sketched out in November (which were appropriately caveated as preliminary by the trial team). We would like to discuss with you the path to resolution, but in many respects, that conversation intersects with our concerns about the trial team's conduct in this case. Unfortunately, we do not think

the CFTC is taking seriously our concerns — despite the District Judge and Special Master both calling the team's conduct troubling, and in sharp contrast to the SEC's handling of substantially similar misconduct in the Debt Box case. At this point, we are left with no option other than to file a motion for sanctions. Please find attached a draft of the defendants' notice of motion and memorandum in support of the defendants' motion for sanctions, which we are providing consistent with the defendants' notice obligations under Rule 11(c).

If you intend to take appropriate corrective measures, or if you'd like to meet before we file, please let us know. If possible, we'd still like to find a path forward without the need to file a sanctions motion against the agency.

thanks,
Avi

---

**From:** Howell, Robert <RHowell@CFTC.gov>
**Sent:** Thursday, January 25, 2024 7:00 PM
**To:** Avi Perry <aviperry@quinnemanuel.com>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Burden, Ashley <ABurden@CFTC.gov>; Paulson, Katherine <KPaulson@CFTC.gov>; Robert Zink <robertzink@quinnemanuel.com>; Kurt Wolfe <kurtwolfe@quinnemanuel.com>; Dakota Speas <dakotaspeas@quinnemanuel.com>
**Subject:** RE: [EXTERNAL] CFTC v. TGG

[EXTERNAL EMAIL from rhowell@cftc.gov]

Avi,

Apologies for my delay in responding as I have been travelling this week. The team is working to construct a settlement offer for your client's consideration. As you know there are several complications to this matter that are requiring us to consider different approaches. I am optimistic the team will provide a proposal for your client's consideration soon. Of course, we remain open to hearing any path to resolution you think makes sense.

After you and your client have a chance to review the team's proposal we can see if a meeting makes sense or if we just move forward in the litigation.

Best,



**Robert T. Howell**
Deputy Director, Division of Enforcement
**Commodity Futures Trading Commission**
312-596-0590
rhowell@cftc.gov



---

**From:** Avi Perry <aviperry@quinnemanuel.com>
**Sent:** Tuesday, January 23, 2024 10:04 AM
**To:** Howell, Robert <RHowell@CFTC.gov>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Burden, Ashley <ABurden@CFTC.gov>; Paulson, Katherine <KPaulson@CFTC.gov>; Robert Zink <robertzink@quinnemanuel.com>; Kurt Wolfe <kurtwolfe@quinnemanuel.com>; Dakota Speas <dakotaspeas@quinnemanuel.com>
**Subject:** [EXTERNAL] CFTC v. TGG

> You don't often get email from aviperry@quinnemanuel.com. Learn why this is important
>
> **CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

Hi Rob,

I hope you're doing well. We are writing to request a meeting with you about CFTC v. Traders Global (D.N.J.). The trial team is copied.

We had a discussion with the trial team about potential settlement terms just before Thanksgiving. We've now been waiting more than two months for a settlement offer. We also have concerns (echoed by the District Judge and the Special Master) about misrepresentations to the Court, and we are troubled by what we perceive to be an improper attempt by counsel to invade the attorney-client privilege during the defendant's deposition. We also believe firmly that the CFTC's complaint suffers from a foundational jurisdictional defect.

We'd be grateful for an opportunity to discuss these issues with you. If you're willing to meet, could we aim for the first half of February? Thanks for your consideration.

Best,
Avi

**Avi Perry** (bio)
*Partner*
*Co-Chair of Securities Litigation Group*
*Co-Chair of Commodities and Derivatives Group*

**Quinn Emanuel Urquhart & Sullivan, LLP**
1300 I Street, NW, Suite 900
Washington, D.C. 20005
(202) 538-8330 (office)
(202) 579-3211 (cell)
aviperry@quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.