# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Craig Carpenito
Direct Dial: (212) 556-2142
CCarpenito@kslaw.com

May 13, 2024

**VIA ECF**

Honorable Jose L. Linares (Ret.)
Special Master
McCarter & English LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102

Re:   *CFTC v. Traders Global Group, Inc.,* **Case No. 1:23-cv-11808-ESK-EAP**

Dear Judge Linares,

I write on behalf of Traders Global Group Inc. and Murtuza Kazmi ("Defendants") in response to the CFTC's letter dated May 10, 2024, which seeks clarity on the scope of discovery Defendants may obtain in advance of the May 21, 2024 evidentiary hearing, and requests to postpone that hearing indefinitely.[1] (ECF No. 192.) Neither remedy is necessary. The agency cannot continue to dodge and delay the transparency that is so obviously lacking in this matter. We respectfully submit that, in keeping with Your Honor's April 30, 2024 order (ECF No. 188), the CFTC should provide complete responses to Defendants' interrogatories and production requests on or before May 16, 2024, and the evidentiary hearing should proceed as scheduled on May 21, 2024.

---

[1] Despite Your Honor's several admonishments during the April 29, 2024 status conference *not* to let questions about the scope of the evidentiary hearing "bleed into the merits," the CFTC argues at length in its letter that the agency did not rely on its own investigator's declaration to show that Defendants were likely to dissipate assets. (ECF No. 192 at 5.) They also argue about the scope, timing, and impact of the freeze orders that "functionally destroyed the company." (Id.) These claims are easily refuted (including by the CFTC investigator's own testimony during the preliminary injunction hearing), but we do not address in this letter the CFTC's ill-timed arguments on the merits and instead reserve all rights to address those issues at an appropriate juncture.

May 13, 2024
Page 2

As a preliminary matter, we are conscious that Your Honor was hoping not "to have another hearing before the hearing to talk about privileged issues and whether or not the discovery that [Defendants] served is appropriate or not appropriate." (ECF No. 192-4 at 34:24-35:2.) It is, therefore, regrettable that the CFTC brought this matter to Your Honor's attention without first offering to meet and confer with defense counsel to address the CFTC's discovery concerns. Instead, after sitting with Defendants' discovery requests *for more than a week*, the CFTC has ignored defense counsel and skipped directly to seeking Your Honor's intervention, confirming that it will "engage in a dialogue with counsel for Defendants" only *after* Your Honor offers "appropriate guidance" and "generally continue[s]" the Evidentiary Hearing. (ECF No. 192 at 1-2.) The CFTC offers no justification for turning the customary meet-and-confer process on its head by going *first* to the Special Master. Nonetheless, Your Honor's intervention is not necessary in advance of the evidentiary hearing. For the reasons set forth below, there are no discovery disputes that require your immediate attention, and the evidentiary hearing should proceed as scheduled.

*First*, to the extent the CFTC has a good-faith belief that Defendants' interrogatories or requests for production call for documents or information that are protected by the attorney-client, work-product, deliberative process, or some other privilege, they are free to assert the privilege(s) and/or state their objections in their responses to Defendants' discovery requests. They should also provide a detailed privilege log. Indeed, as Your Honor recognized during the recent status conference, the CFTC may object to any requests that "stray into privilege areas." (ECF No. 192-4 at 34:16-35:6.) But it is the CFTC's burden to demonstrate that the requested materials are privileged. They make no attempt to do so. The agency cannot simply waive the privilege wand and make its disclosure obligations go away.[2] This is particularly true when the CFTC's actions and motives are directly within the scope of this hearing.

*Second*, Defendants have not, in fact, requested "broad swaths of materials that are well beyond the scope of contemplated discovery." (ECF No. 192 at 1.) To the contrary, Defendants' discovery requests are carefully tailored to matters at the heart of the evidentiary hearing. The Interrogatories seek information relating to the CAD $31,550,000 transfer that was mischaracterized in the Edelstein Declaration; the CFTC's failure to disclose—and failure to correct its disclosures relating to—the true nature of the CAD $31,550,000 transfer; and the CFTC's communications with the OSC relating to the CAD $31,550,000 transfer, the Canadian freeze order, and the appointment of a Canadian receiver. Similarly, the requests for production seek documents and information relating to the CAD $31,550,000 transfer; the CFTC's communications with the OSC relating to the true nature of the transfers, the Canadian asset freeze, and the appointment of a Canadian receiver; the Edelstein Declaration; the CFTC's belated disclosure of the true nature of the CAD $31,550,000 transfer; the numerous misrepresentations the CFTC made to the Court during the PI hearing; and remedial measures taken in response to the CFTC's self-styled "error in judgment." (ECF No. 177 at 1.) These categories are all *well within* the range of "disputed fact[s] that [are] currently at issue in the sanctions motion." (ECF No. 192-4 at 41:2-41:3.) If the CFTC takes issue with certain requests, it is free to object to those

---

[2] The suggestion that the "five-member Commission" must step in to waive some presumptive privilege is a red herring. (ECF No. 192 at 4.) We are far from a posture in which the Commission's involvement is required. The CFTC must first show that the materials are, in fact, protected.

May 13, 2024
Page 3

specific requests, or raise concerns in a more appropriate forum (after meeting and conferring, which it did not even attempt here). But, as with their broad and unsubstantiated assertion of privilege, they cannot simply wave a magic wand and sweep away *all* of the requests as excessively broad.

*Third*, the CFTC cannot credibly contend that it "requires additional time to review [responsive] materials and evaluate applicable privileges." (ECF No. 192 at 1-2.) It has had months to review the relevant materials. The CFTC has been aware of the "disputed fact[s] that [are] currently at issue in the sanctions motion" (ECF No. 192-4 at 41:2-41:3) since *at least* February 15, 2024, when Defendants served their notice of motion in support of Defendants' motion for sanctions. (As a practical matter, the CFTC was aware of the issues much earlier.) Based on Robert Howell's response to our notice of motion (ECF No. 172-3), it appears the CFTC undertook an investigation of issues at the heart of the sanctions motion. And indeed, the CFTC presumably would have *had* to investigate in order to claim, in its response to the sanctions motion, that it acted in good faith. Therefore, the CFTC must have already compiled a universe of responsive materials. If that universe is too large to review and produce before the May 16 production deadline, the CFTC should have raised the concern during the status conference, asked to meet and confer with defense counsel to discuss the scope of the discovery requests, or proposed to make a rolling production or produce redacted documents—something more productive than asking Your Honor to *indefinitely postpone* the production deadline and evidentiary hearing.

The CFTC's gambit to avoid production of pertinent documents and information and postpone *indefinitely* the evidentiary hearing is only the agency's latest attempt to forestall an embarrassing reckoning, to further obscure the wanton due process violations visited upon Defendants, and to avoid, at all costs, accountability for the misconduct of certain CFTC staff members. When government agencies engage in "troubling" conduct, as the CFTC has here, they cannot forever hide behind a veil of secrecy. The court should not countenance its conduct. Respectfully, Your Honor should not grant the CFTC's requests. The CFTC should provide complete responses to Defendants' interrogatories and production requests on or before May 16, 2024, and the evidentiary hearing should proceed on May 21, 2024, as scheduled.

Respectfully submitted,

Craig Carpenito

Enclosures

cc: All counsel of record (via ECF)