

**COMMODITY FUTURES TRADING COMMISSION**
Ralph Metcalfe Federal Office Building
77 W. Jackson Boulevard, Suite 800
Chicago, Illinois 60604
Telephone: (312) 596-0700
Facsimile: (312) 596-0714
*www.cftc.gov*

Division of Enforcement

Elizabeth N. Pendleton
Chief Trial Attorney
(312) 596-0629
*ependleton@cftc.gov*

May 16, 2024

Via ECF
Hon. Jose L. Linares (Ret.)
Special Master
McCarter & English LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102

Re: *CFTC v. Traders Global Group, Inc.*, Case No. 1:23-cv-011808

Judge Linares:

I write on behalf of the Division of Enforcement ("Division") of the Commodity Futures Trading Commission ("CFTC") with regard to the CFTC's response to the discovery requests issued by Defendants Traders Global Group Inc. (d/b/a "My Forex Funds"), Traders Group Global Inc., and Murtuza Kazmi (collectively, "Defendants") (ECF Nos. 192–2, 192–3) and the evidentiary hearing currently set for May 21, 2024 (ECF No. 188.)

Concurrent with the filing of this letter, the CFTC has served its responses to Defendants' Requests for Production ("RFPs") and Interrogatories. The majority of Defendants' discovery requests, by their nature, seek the disclosure of information or material that is privileged by virtue of the common interest, attorney-client, governmental investigative, deliberative process and/or the law enforcement privilege; protected under the attorney work-product doctrine; and/or confidential pursuant to the IOSCO-MMOU to which the CFTC and Ontario Securities Commission ("OSC") are both signatories. Accordingly, the CFTC has made appropriate objections in response to the substantial majority of Defendants' RFPs and Interrogatories. As Your Honor has recognized, the CFTC has not waived any applicable privilege.[1]

[1] Defendants ask Your Honor to treat their invasive discovery requests as something akin to a standard "discovery dispute" that does not require "intervention . . . in advance of the evidentiary hearing" (ECF No. 194 at 2). But this is not an ordinary discovery dispute. Instead, Defendants have asked Your Honor to expeditiously consider their request for sanctions for conduct that the


The CFTC had previously imposed a litigation hold and collected materials for relevant custodians. Even before receiving Defendants' RFPs, the CFTC began reviewing those materials, prioritizing communications with the OSC. That process cannot realistically be completed by May 21, 2024.[2] As more fulsomely described in the CFTC's responses to the RFPs and Interrogatories, we anticipate providing a limited privilege log with respect to, for the dates of June 16, 2023 through December 1, 2023, communications between the OSC and CFTC personnel Ashley Burden, Matthew Edelstein, Katherine Paulson, and Elizabeth Streit pertaining solely to the topic of the misidentified transactions at issue, and expect to be able to do so within fourteen (14) days. As to testimony, should the evidentiary hearing take place on May 21, as currently scheduled, the CFTC will assert all relevant privileges as no staff member is empowered to waive such privileges. *See CFTC v. Weintraub*, 471 U.S. 343, 348 (1985) (noting "the power to waive the corporate attorney-client privilege rest with corporation's management and is normally exercised by its officers and directors."); *see also Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 512-513 (2010) (noting in the Constitutional context "the head[] of Department" is the "full Commission," meaning the Commissioners jointly).

Further, it is the CFTC's position that while privilege does not extend to facts, it does protect internal conversations among CFTC staff. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney"). Thus, CFTC witnesses will be prepared to testify as to when they learned facts, actions taken, and the existence of conversations or communications, which would include who participated in such conversations or communications, and the general topics of such conversations. *Id.*; Fed. Rule Civ. Pro.

---

CFTC has corrected, and now seek the extreme and entirely unwarranted measure of "dismissal of this case with prejudice" (ECF No. 180 at 20).

[2] Defendants' supposition that the CFTC has "had months to review" the materials they seek as they "undertook an investigation of issues at the heart of the sanctions motion" (ECF No. 194 at 3) is not well founded. The CFTC has imposed a case-specific litigation hold in this matter, and the relevant custodians and all other agency personnel are also subject to the requirements of the Federal Records Act and corresponding regulations. However, preserving materials and identifying relevant facts is not the same as reviewing materials with an eye toward potential production and/or assertion of relevant privileges and preparation of a privilege log.

26(D)(5)(A)(ii); *see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co*., 32 F.3d 851, 864 (3rd Cir. 1994) ("Facts are discoverable[.] ... A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer"). However, the CFTC will object to questions seeking the content of internal CFTC conversations or the mental impressions of any witness, including an investigator. *In re Cendant Corp. Securities Litig.*, 343 F.3d 658 (3rd Cir. 2003) (holding litigation consultants qualify as non-attorneys who are protected by the work product doctrine); *see also SEC v. NIR Group, LLC*, 283 F.R.D. 127 (E.D.N.Y. 2012) (determining SEC investigator's notes were covered by the work product doctrine).

In the interests of judicial economy, the evidentiary hearing should happen only once. Defendants have already had the opportunity to cross-examine Matthew Edelstein, the CFTC Investigator, at length during the November 6, 2023 hearing. The CFTC requests that if Mr. Edelstein and CFTC attorney Ashley Burden are required to appear and testify on May 21st that Your Honor not permit a second evidentiary hearing on this issue after the completion of discovery. Allowing a second evidentiary hearing would be inefficient, unduly burdensome, and unnecessary.

Regardless of date, undersigned counsel anticipates that Margaret Aisenbrey and/or Raagnee Beri, both of whom are attorneys in the CFTC's Office of General Counsel, will attend the anticipated evidentiary hearing in order to assert all applicable privileges on behalf of the Commission. Pursuant to Regulation 144.5(b), 17 C.F.R. § 144.5(b), where, as is the case here, the testimony of Commission employees is required in response to a demand by a court or other authority, a Commission attorney shall be designed by the General Counsel to appear.

For the reasons stated above and in our May 10, 2024 letter (ECF 192), the CFTC respectfully requests that Your Honor: (1) further clarify the scope of authorized discovery; (2) generally continue the evidentiary hearing currently set for May 21, 2024; and (3) set this matter for a status hearing in approximately thirty days. Thank you for your continued consideration of these requests.

Best Regards,

*Elizabeth N. Pendleton*

Elizabeth N. Pendleton
Chief Trial Attorney

*CFTC v. Traders Global Group Inc., et al.,*
Case No. 3:23-cv-11808-ESK-EAP (D.N.J.)

cc: All counsel of Record (via ECF)

4