

**COMMODITY FUTURES TRADING COMMISSION**
Ralph Metcalfe Federal Office Building
77 W. Jackson Boulevard, Suite 800
Chicago, Illinois 60604
www.cftc.gov

Douglas Snodgrass
Chief Trial Attorney
(312) 596-0663
dsnodgrass@cftc.gov

**Division of Enforcement**

June 18, 2024

<u>Via ECF</u>
Hon. Jose L. Linares (Ret.)
Special Master
McCarter & English LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102

      Re: *CFTC v. Traders Global Group, Inc.*, Case No. 1:23-cv-011808-ESK-EAP

Dear Judge Linares:

      I write on behalf of the CFTC in response to Defendants' motion to compel (ECF No. 204) in accordance with your June 6, 2024 order (ECF No. 203). The CFTC has agreed to seek Commission authorization to waive privilege over, and produce, documents within the scope of the sanctions motion, but Defendants moved to compel more. For the reasons stated below, the motion should be denied.

## Background

      Pursuant to your April 30, 2024 order on discovery (ECF No. 188), the CFTC has reviewed, identified, and produced non-privleged documents responsive to nearly a dozen requests for production propounded by Defendants, and has logged privileged documents responsive to those requests. In a spirit of transparency, the CFTC Division of Enforcement is recommending that its five-member Commission waive privilege over documents responsive to Defendants' Requests for Production ("RFPs") 1-7 and 10. The CFTC has also asked the Ontario Securities Commission ("OSC") to waive any privilege that OSC may hold over communications between the OSC and CFTC relating to those same requests. The documents responsive to these requests that the CFTC agrees to be in-scope, and for which the CFTC hopes to waive privilege, broadly cover the full scope of the discovery Your Honor has authorized, including documents in the CFTC's investigative files related to the $31.55 million CAD transfer (the "Transfer") that the CFTC mistakenly identified as going to an "unidentified Kazmi account" (RFP No. 1), drafts of the portion of the Investigator declaration relating to the Transfer (RFP No. 5), documents relating to the filing or potential filing of a corrected Investigator declaration (RFP No. 6), and documents relating to the CFTC's disclosure of the August 17, 2023 email from OSC regarding the Transfer (RFP No. 7). The CFTC seeks to be transparent with respect to documents and information actually at issue in Defendants' Rule 11 motion for sanctions. However, disputes remain regarding requests that seek documents and information the CFTC views as outside of the scope of the sanctions motion.

*CFTC v. Traders Global Group Inc., et al.,*
Case No. 3:23-cv-11808-ESK-EAP (D.N.J.)

### Argument

The documents and information Defendants seek in their motion to compel would expand this proceeding beyond the scope of their sanctions motion and the scope of discovery Your Honor has permitted. Your Honor's discovery order permitted Defendants to serve only discovery "narrowly tailored" to the issues raised in the Defendants' motion for sanctions. (ECF No. 188 at 1). Instead, the issues remaining in dispute relate to, for example, communications regarding actions taken by OSC in its proceeding in Canada, documents created after the actions Defendants complain about, and documents relating to *Debt Box*, an unrelated litigation filed by the Securities and Exchange Commission against different defendants in a different jurisdiction.

In addition to being beyond the scope of relevant discovery, the documents Defendants seek are subject to several privileges, including the attorney-client, work product, government investigative, and deliberative process privilege, and/or the protections grated by the multilateral memorandum of understanding ("MMOU") of the International Organization of Securities Commissions ("IOSCO"). The CFTC has not waived and does not intend to voluntarily waive privilege over the materials that remain in dispute. Because the remaining areas of dispute relate to documents and information outside of the scope of Defendants' sanctions motion, and because those materials are privileged, Defendants' motion should be denied as to each of the requests for production described below.

### Request 11

This request seeks all documents and communications relating to the CFTC's representation at the Preliminary Injunction hearing that the ultimate destination of the $31.55 million CAD sent in the Transfer was not "material" to the purpose of the declaration. As an initial matter, most of the materials potentially responsive are also responsive to RFP 1, which seeks the production of all documents and communications in the CFTC's file related to the Transfer. These would include documents or communications in which CFTC staff discussed the import of whether these funds were sent to an "unidentified Kazmi account" or to Canadian tax authorities. To the extent that such documents exist, the CFTC is seeking Commission authorization to waive privilege over these documents so that they can be produced to Defendants.

What remains in dispute are only those documents that are responsive to RFP 11 but not RFP 1. This could include, hypothetically, legal research regarding the materiality standard, legal argument or strategic discussion, and similar types of documents that do not reference the Transfer. These types of documents are not relevant to whether the CFTC committed sanctionable misconduct, are not the types of documents typically discoverable, and are, at a minimum, protected attorney work product. RFP 1 provides what the Defendants need; the CFTC should not be compelled to produce its legal research and internal legal conclusions regarding materiality, to the extent such documents exist.

2

*CFTC v. Traders Global Group Inc., et al.*,
Case No. 3:23-cv-11808-ESK-EAP (D.N.J.)

**Request 12**

Defendants seek documents relating to OSC's receivership application, filed in its action in Canada. The OSC's receivership application is not a focus of the sanctions briefing, for good reason. Whether the CFTC communicated with OSC about OSC's decision to apply for a Canadian receiver is irrelevant and would not be sanctionable even if had occurred.

OSC has certified that appointing a receiver in Canada was "solely a decision of the [OSC] based on the [OSC's] investigation into potential breaches of the Ontario Securities Act." (ECF No. 179–2 at 1). That rebuts the theory that the CFTC somehow orchestrated a Canadian receiver to frustrate Judge Quraishi's order. And in any event, Judge Quraishi ordered only that a receiver was not necessary to effectuate his freeze order over $12,080,000 in Defendants' assets. OSC obtained a much larger freeze order in its Canadian action and has the prerogative to decide whether to apply in Canada for a receiver to maintain control over those assets. Communications with OSC about their independent decision to seek a receiver are not "narrowly tailored" to the issues raised in the Defendants' motion for sanctions. They are irrelevant and the motion to compel should be denied with respect to this request.

**Request 14**

Defendants seek documents held by certain CFTC staff relating to *SEC v. Digital Licensing Inc. d/b/a Debt Box et al.*, No. 2:23-cv-00482 (N.D. Utah) ("*Debt Box*"). *Debt Box* is a completely separate lawsuit filed against different defendants by a different agency of the federal government, and the CFTC staff in this matter played no role in the *Debt Box* litigation. If CFTC staff had hypothetically discussed the facts of *this* case in communications that also referenced *Debt Box*—for example, by noting that the conduct in *Debt Box* was significantly more severe than the mistake made in the Investigator declaration—those documents would be responsive to other requests for which the CFTC seeks to waive privilege.

Remaining at issue are documents that may exist regarding *Debt Box* that *do not* mention the facts of this case. Any such documents would be plainly irrelevant to the motion for sanctions and would unnecessarily expand the scope of discovery. That the *Debt Box* rule to show cause happened to be issued the day before the CFTC filed its brief disclosing the OSC's August 17 email is pure coincidence. The CFTC's internal privilege log reveals that drafts of the CFTC brief were circulated days before the *Debt Box* rule to show cause, and the CFTC will seek to waive privilege over portions of those drafts relating to disclosure of the OSC email. Additional documents should not be compelled.

**Request 15**

This request seeks documents regarding remedial measures taken to address concerns relating to the Investigator declaration and questioning at Mr. Kazmi's

3

Case 1:23-cv-11808-ESK-EAP   Document 205   Filed 06/18/24   Page 4 of 5 PageID: 4407

*CFTC v. Traders Global Group Inc., et al.,*
Case No. 3:23-cv-11808-ESK-EAP (D.N.J.)

deposition. As to the declaration, if there are documents responsive to this request on or before December 1, 2023, they would also be responsive to other requests, such as RFPs 1, 6, or 7, for which the CFTC agrees to seek waiver of privilege. Any disputed documents, therefore, come from the extended time period of December 2, 2023 through February 29, 2024, which Defendants seek for this request only.

These documents are not within scope for several reasons. First, RFP 15 does not target information about CFTC actions subject to the motion for sanctions, but rather subsequent actions, most prominently the decision to add new attorneys to this case. Defendants do not argue—and could not credibly argue—that those staffing changes are a basis for sanctions. Internal discussions regarding staffing decisions are not needed in order to determine whether the CFTC's actions violated Rule 11. Allowing discovery of these documents would be invasive and unnecessary.

Second, these documents are clearly outside of the time range pertinent to the motion for sanctions. Along with their motion for sanctions, Defendants filed a multipage "timeline of relevant events" ("Defendants' Timeline"). 3/7/2024 Motion for Sanctions (ECF No. 172-1) at 6 n. 5; *id* at 30-32. The last entry on Defendants' Timeline is the December 1, 2023 filing of the CFTC's response brief in which the CFTC disclosed the email from OSC regarding the Transfer. Defendants' Timeline (ECF 172-1) at 32. Defendants did not include any subsequent remedial actions, including the CFTC's staffing changes which were disclosed a week prior to the filing, in their "timeline of relevant events." *Id.* The reason seems clear—the CFTC staffing changes, and any other remedial actions that occurred after December 1, 2023, are not relevant events with respect to the motion.

Finally, Defendants contrast the CFTC's staffing actions with the SEC's actions in *Debt Box*. But, as far as the CFTC knows, the SEC did *not* waive privilege over or produce its internal discussions relating to changing the litigation team. Rather, it appears that in *Debt Box* the SEC merely *disclosed* its actions, including assignment of new counsel. *Debt Box*, No. 23-cv-482, 2024 WL 1157832, at *15 (D. Utah Mar. 18, 2024). The CFTC has already made similar disclosures here. Defendants ask the Special Master to go substantially further than the court in *Debt Box* by allowing invasive discovery on privileged internal staffing issues. Your Honor should decline to expand discovery in that manner.

**Request 16**

RFP 16 asks for *Brady* material relating to the Transfer. This request is improper in civil litigation. "*Brady* does not generally apply in civil proceedings." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1171-72 (9th Cir. 2017). Exceptions to this rule are rare, existing only where "the government's requested remedy involves consequences that 'equal or exceed' that which would be available in the criminal setting," such as civil commitments of sex offenders or denaturalization and extradition hearings. *United States v. Dorchester Owners Ass'n*, No. 20-1396, 2023 WL 413580, at *19 (E.D. Pa. Jan. 25, 2023). Where, as here, the stakes are "money and reputation, not 'whether someone will be locked

*CFTC v. Traders Global Group Inc., et al.*,
Case No. 3:23-cv-11808-ESK-EAP (D.N.J.)

away,'" *Brady* does not apply. *United States v. Project on Gov't Oversight*, 839 F. Supp. 2d 330, 343 (D.D.C. 2012).

Further, the request seeks a subset of documents already responsive to RFP 1, over which the CFTC already agrees to seek to waive privileges and produce. *Compare* ECF No. 204-2 RFP 1 (seeking all documents in the CFTC's files relating to the Transfer) *with* RFP 16 (seeking documents relating to the Transfer that constitute *Brady* materials). It would be burdensome and unnecessary to require the CFTC to make legal conclusions regarding *Brady*—a standard with which the CFTC's civil litigators have little experience—over documents already responsive to RFP 1, on which the parties have reached agreement.

Finally, Defendants identify documents on the CFTC's privilege logs as potentially responsive to RFP 16. These documents are also identified on the logs as responsive to RFP 1, and the CFTC already seeks to waive privilege over and produce documents responsive to that request. There is no need to compel documents that the CFTC is seeking to produce in response to other requests.

**Request 17**

RFP 17 broadly seeks all documents that "support, refute, or otherwise concern Defendants' claims in their Motion for Sanctions." This type of catch-all document request is impermissible. *See, e.g., Haughton v. District of Columbia*, 315 F.R.D. 424, 430 (D.D.C. 2014) (rejecting catch-all request designed to provide party "with any document he might not have thought to request otherwise"); *M. McGee Design Studio, Inc. v. Brinson*, No. 94 C 1644, 1994 WL 380613, at *10 (N.D. Ill. July 18, 1994) (rejecting catch-all request which the court characterized as "give us everything you think is important, whether or not we specifically asked for it already"). Under Federal Rule of Civil Procedure 34(b)(1)(a), document requests must "describe with reasonable particularity" the documents sought. This request does not do so, and the motion to compel should be denied.

\* \* \*

For these reasons, the CFTC respectfully requests that Your Honor deny Defendants' motion to compel because (1) the materials sought are beyond the scope of discovery necessary to decide the motion for sanctions, and/or (2) the materials sought are privileged or otherwise protected from disclosure.

    Sincerely,

    /s/ Douglas Snodgrass
    Douglas Snodgrass
    Chief Trial Attorney
    Division of Enforcement

cc: All counsel of Record (via ECF)