# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Commodity Futures Trading Commission, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 3:23-cv-11808 |
| v. | )<br>) District Judge Edward S. Kiel |
| Traders Global Group, Inc., a New Jersey corporation d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi | )<br>) Mag. Judge Elizabeth A. Pascal<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PROTECTIVE ORDER AUTHORIZING LIMITED PRIVILEGE WAIVER FOR PURPOSES OF PENDING MOTION FOR SANCTIONS

WHEREFORE, the Motion for Sanctions ("Motion," ECF No. 172) filed by Defendants Traders Global Group, Inc. (New Jersey) d/b/a "My Forex Funds," Traders Global Group Inc. (Canada) (together "Traders Global"), and Murtuza Kazmi ("Kazmi") (collectively, "Defendants") against Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") is currently pending before this Court and has been referred to the Hon. Jose L. Linares, U.S.D.J. (Ret), as Special Master for a Report and Recommendation (ECF No. 174);

WHEREFORE, by Order of the Special Master (ECF No. 188), Defendants were permitted to serve discovery "narrowly tailed to the issues in the Motion." In its preliminary responses to Defendants' Request for Production and

1

Interrogatories served on May 16, 2024, the CFTC objected to Defendants' discovery requests, in part, to the extent they call for the disclosure of information or material protected by the attorney-client privilege, work product doctrine, common interest privilege, deliberative process privilege, government investigative privilege, or any other principals of non-disclosure, privilege, protection or immunity applicable under governing law and/or call for the disclosure of information or material that is confidential pursuant to the IOSCO-MMOU to which the CFTC and Ontario Securities Commission ("OSC") are both signatories. The CFTC has also indicated that, as to testimony, no staff member is empowered to waive any applicable privilege, absent authorization by the Commission. (ECF No. 199 at 2.);

    WHEREFORE, Defendants seek a complete response to their discovery requests and to elicit testimony regarding certain CFTC communications with the OSC, internal CFTC communications, and/or the mental impressions of CFTC staff, including the CFTC Investigator, over which the CFTC asserts privilege;

    WHEREFORE, pursuant to the May 22, 2024 Order of the Special Master (ECF No. 201) and Federal Rule of Evidence 502(d), and in an effort to partially resolve their aforementioned dispute regarding Defendants' efforts to discover information, including documents and testimony, subject to the attorney-client privilege, work product doctrine, common interest privilege, deliberative process

privilege, government investigative privilege, or any other principals of non-disclosure, privilege, protection or immunity applicable under governing law and/or confidential pursuant to the IOSCO-MMOU, the Parties jointly seek to supplement the Confidentiality Order (ECF No. 191) that governs the disclosure of confidential or privileged information in this action to allow for the production of certain information for the sole and limited purpose of the Court's consideration of the Motion, such that the privilege or protection is not otherwise waived in connection with the above-captioned litigation, or any other federal or state proceeding, any proceeding by any international regulator or agency, domestic or criminal or any private action or proceeding, and the documents and information over which the CFTC asserts privilege are not admissible for any other purpose, including without limitation in the matter captioned *In the Matter of Traders Global Group Inc. and Muhammed Murtuza Kamzi,* File No. 2023-21, pending before the Ontario Capital Markets Tribunal and any related proceeding (the "Ontario Proceeding");

      WHEREFORE, the CFTC has obtained authorization from the Commission to enter into the limited privilege waiver set forth herein so long as it is approved by this Court and, as to the CFTC's communications with the OSC, represents that the OSC does not waive any applicable privileges that the OSC may possess, but nevertheless agrees to permit the CFTC to disclose certain materials for the limited

3

purpose of responding to discovery requests made in connection with the Motion and for use at any related evidentiary hearing, and subject to the terms of this Protective Order;

Having considered this matter, THE COURT FINDS that there is good cause for the entry of this Protective Order and IT IS SO ORDERED as follows:

1. The CFTC shall have the right to designate as "Confidential–Rule 11 Only" and subject to this Protective Order any information, document, or thing, or portion of any document or thing, that may constitute materials subject to the attorney-client privilege, the work-product doctrine, common interest privilege, deliberative process privilege, government investigative privilege or any other principals of non-disclosure, privilege, protection or immunity applicable under governing law and/or confidential pursuant to the IOSCO-MMOU.  The designation of materials as "Confidential–Rule 11" incorporates and includes all provisions governing information designated as "Confidential" set forth in the Confidentiality Order.

2. Confidential–Rule 11 Only materials subject to this Protective Order will consist of, for the period of May 23, 2023 to December 1, 2023, certain materials responsive to Defendants' Request for Production Nos. 1-7, and 10 (ECF No. 192–2), specifically:

   a) All documents and internal communications related to the CAD $31,550,000 debit initially identified as a "[t]ransfer to unidentified

  Kazmi Account" in the summary chart included in paragraph 29 of the now-corrected CFTC Investigator Declaration (ECF No. 23-44) (hereinafter the "CAD $31.5m Transfer");

 b) All documents obtained from, or communications with, the OSC, relating to the CAD $31.5m Transfer;

 c) All documents obtained from, or communications with, the OSC related to "wires in the amounts of CAD 27m and CAD 4.5m" as referenced in ECF No. 148–1;

 d) To the extent they include any discussion of CAD $31.5m transfer, drafts of the CFTC Investigator Declaration filed with the Court on September 6, 2023 (ECF No. 23–44); and

 e) All documents, including internal communications related to the decision to disclose the misidentification of the CAD $31.5m Transfer.

The materials subject to this Protective Order will also consist of materials identified in, or related to, the CFTC's response to Defendants' Interrogatory No. 7 (ECF No. 192–3).[1]

 3. To the extent Confidential–Rule 11 Only materials contain information regarding any other subject matter, including those that may be relevant to any claim or defense in this matter but are not within the scope of the Parties' stipulation as to Confidential–Rule 11 Only materials set forth in paragraph two, above, that information may be redacted.

---

[1] Defendants reserve all rights relating to Requests for Production and Interrogatories that are not addressed in this Protective Order, as well as the right to seek further discovery in connection with their Motion for Sanctions (ECF No. 172). The Parties also reserve all rights to request that the Court or Special Master modify this Order.

proceeding only for purposes of resolving Defendants' pending Motion for Sanctions (ECF No. 172). Confidential–Rule 11 Only materials are not otherwise admissible in this proceeding or in any other federal or state proceeding, any proceeding by any international regulator or agency, domestic or criminal or any private action or proceeding, and the documents and information over which the CFTC asserts privilege are not admissible for any other purpose, including without limitation the Ontario Proceeding.

5. Unless otherwise ordered and as excepted by Paragraph 6 below, all documents designated as Confidential–Rule 11 Only which are to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

6. With respect to an evidentiary hearing on Defendants' Motion, or any other deposition or testimony related specifically to Defendants' Motion, Defendants hereby provide notice to the CFTC of their intent to disclose Confidential–Rule 11 Only material. Defendants' use or disclosure of such materials shall otherwise be consistent with the treatment of "Attorneys' Eyes Only" material pursuant to paragraph 11 of the Confidentiality Order (ECF No. 191 at 5), and nothing in this Order prevents the CFTC from raising objections not covered by this Protective Order or the Confidentiality Order. Any such material that is used as an exhibit shall be sealed as part of the record, and any portions of

any hearing or deposition transcript that refer to, summarize or quote such materials or the related mental impressions of CFTC staff, internal CFTC communications, and/or verbal communications with the OSC on the same limited subjects as the Confidential-Rule 11 Only material, shall be redacted, to prevent further disclosure and use outside of the evidentiary hearing (or other hearing or deposition).  The production of Confidential–Rule 11 Only materials pursuant to this Protective Order and under Federal Rule of Evidence 502(d), use of those materials and any related testimony at an evidentiary hearing on Defendants' Motion shall not constitute a waiver of any attorney-client, work-product protection, common interest privilege, deliberative process privilege, government investigative, privilege or any other implicated principal of non-disclosure, privilege, protection or immunity applicable under governing law and/or the IOSCO-MMOU that may be asserted in this case, or in any other federal or state proceeding.

7.      The production of Confidential–Rule 11 Only materials pursuant to this Protective Order and use of those materials and any related testimony at the evidentiary hearing on Defendants' Motion, or any other deposition or testimony related specifically to Defendants' Motion, shall not constitute an implied waiver, subject matter waiver, or any other type of waiver of any attorney-client, work-product protection, deliberative process privilege, government investigative

privilege, common interest privilege, or any other implicated privilege, protection or immunity applicable under governing law and/or the IOSCO-MMOU that may be asserted over any materials not produced and designated Confidential-Rule 11 Only, pursuant to Federal Rule Evidence 502(d).

8. The receipt of Confidential–Rule 11 Only materials pursuant to this Protective Order does not limit or impair Defendants' ability to seek materials relevant to any claim or defense in this matter in discovery, nor does it limit or impair the CFTC's ability to object to those requests.

9. Upon final disposition of the Motion, Defendants shall return or destroy all documents and things containing Confidential–Rule 11 Only materials; provided however that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Protective Order and the Confidentiality Order as well as any orders to seal materials or papers.

**IT IS SO ORDERED** on this 12th day of ___July___, 2024

_____
ELIZABETH A. PASCAL, U.S.M.J.

**CONSENTED AND APPROVED BY:**

| | |
|---|---|
| **PLAINTIFF COMMODITY FUTURES TRADING COMMISSION** | **DEFENDANTS TRADERS GLOBAL GROUP INC. (d/b/a "MY FOREX FUNDS"), TRADERS GLOBAL GROUP INC., AND MURTUZA KAZMI** |

Date: July 10, 2024

*[signature]*

Elizabeth N. Pendleton
Doug Snodgrass
Nina Ruvinsky

Ralph Metcalfe Federal Building
77 West Jackson Blvd., Ste. 800
Chicago IL 60604
*ependleton@cftc.gov*
*dsnodgrass@cftc.gov*
*nruvinsky@cftc.gov*

Date: July 2/2024

*[signature]*

Murtuza Kazmi

**Approved as to Form:**

*[signature]*

Avi Perry (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Ste 900
Washington, D.C. 2005
*aviperry@quinnemanuel.com*

One of the Attorneys for Defendants Traders Global Group Inc. (New

9