UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**TRADERS GLOBAL GROUP INC.,** *et al.,*<br><br>Defendants. | Civil Action No. 23-11808 (ZNQ) (TJB)<br><br>**OPINION AND ORDER OF SPECIAL MASTER** |

**LINARES, J.**

This matter comes before the Special Master by way of Defendants Traders Global Group Inc., a New Jersey corporation, d/b/a "My Forex Funds"; Traders Global Group Inc., a Canadian business organization; and Murtuza Kazmi's Motion to Compel the Commodity Futures Trading Commission ("CFTC") to produce certain documents responsive to Defendants' Requests for Production (ECF No. 204, "Motion"). CFTC filed a response (ECF No. 205). For the reasons set forth below, the Special Master hereby **GRANTS** the Motion in part and **DENIES** the Motion in part.

### I. Procedural and Factual Background

The Special Master presumes the parties' familiarity with the factual background and procedural posture of this matter. Accordingly, the Special Master will only recite the facts relevant to the disposition of the subject dispute.

Pursuant to the April 30, 2024 Order of the Special Master (ECF No. 188), Defendants were "permitted to serve Requests for Production . . . narrowly tailored to the issues in [Defendants' Motion for Sanctions (ECF No. 172)]." At issue on this Motion are Requests for

Production (RFP) 11, 12, 14, 15, 16 and 17.  The parties have agreed to limit the Requests to the time period from May 23, 2023 through December 1, 2023, with the exception of RFP 15.

Defendants assert that the RFPs are narrowly tailored to the issues in their Motion for Sanctions.  CFTC argues that the RFPs extend beyond the scope of the issues in the Sanctions Motion and include requests for, for example, communications regarding actions taken by the Ontario Securities Commission ("OSC") in its proceeding in Canada, documents created after actions Defendants complain about, and documents relating to the *Debt Box* case, an unrelated litigation filed by the Securities and Exchange Commission against different defendants in a different jurisdiction.  (ECF No. 205 at 2.)  Resolution of this Motion turns on whether the RFPs are narrowly tailored to the issues raised in Defendants' Motion for Sanctions. (ECF No. 172.)

## II.   Analysis

### RFP 11

This RFP seeks:

> ALL DOCUMENTS and COMMUNICATIONS RELATED TO the CFTC's representation at the PI Hearing that the $31,550,000 "[t]ransfer to unidentified Kazmi account" referenced in paragraph 29 of the Edelstein Declaration (ECF No. 23-44) "was not material to the purpose of the declaration."

CFTC has objected to this Request on the basis of privilege, but has agreed, without waiver of such objections, to produce "non-privileged materials in its custody, possession, or control responsive to this request, to the extent any such documents exist."  CFTC also argues that this request is duplicative of RFP 1, which requests all documents related to the transfer at issue.

On its face, this request is narrowly tailored to the issues raised in the Motion for Sanctions. CFTC's statement that the transfer at issue was "not material" may have some relation to its decision on whether and when to disclose the mistake in the Edelstein Declaration with respect to the $31,550,000 transfer and is thus within the scope of authorized discovery.

It appears that CFTC's concern about the scope of this request is that it seeks information protected from disclosure by the attorney work product, such as legal research regarding the materiality standard and internal legal discussions and conclusions about "materiality." (ECF No. 205, at 2). The issue on this Motion, however, is whether this information is discoverable, not whether it is protected from disclosure by a particular privilege. CFTC retains its right to object on the basis of privilege, and Defendants retain their right to challenge the assertion of CFTC's claims of privilege. If there is a challenge to the assertion of a claim of privilege, the Special Master will address such matters separately.

Accordingly, the Special Master holds that RFP 11 is within the scope of permitted discovery and grants Defendants' request with respect to RFP 11.

**RFP 12**

This RFP seeks:

> ALL DOCUMENTS obtained from, or COMMUNICATIONS with, the OSC RELATED TO the OSC's Receivership Application filed in the Ontario Superior Court of Justice on November 20, 2023.

Defendants assert that this information is relevant because Defendants believe that the CFTC coordinated with the OSC to ensure a freeze and receivership remained in place in Canada after the entry of this Court's November 14, 2023 Order that, among other things, discharged the temporary receiver and reduced the amount of assets subject to the Statutory Restraining Order entered on August 29, 2023. (ECF No. 204 at 3). In response, CFTC argues that information relating to the OSC's receivership application filed in Canada is not the focus of the Motion for Sanctions and is therefore irrelevant. CFTC further states that the OSC has certified that appointing a receiver in Canada was "solely a decision of the [OSC] based on the [OSC's] investigation into potential breaches of the Ontario Securities Act. (ECF No. 179-2 at 1)." (ECF No. 205 at 3.)

The Special Master agrees with CFTC that the OSC's receivership application in Canada is not the subject of the pending Motion for Sanctions and holds that this Request is not within the scope of authorized discovery.  Accordingly, the Special Master denies Defendants' request with respect to RFP 12.

**RFP 14**

This RFP seeks:

> ALL DOCUMENTS and COMMUNICATIONS in the possession, custody, or control of Ashley Burden, Matthew Edelstein, Katherine Paulson, or Elizabeth Streit RELATED TO SEC v. Digital Licensing Inc. d/b/a Debt Box et al., No. 2:23-cv-00482 (N.D. Utah), including but not limited to COMMUNICATIONS with the U.S. Securities and Exchange Commission ("SEC").

This Request seeks documents relating to the *Debt Box* case, an action filed against different defendants by a different agency of the federal government in a different jurisdiction. Defendants argue that the conduct subject to a sanctions motion in *Debt Box* is similar to the conduct alleged here in Defendants' Motion for Sanctions, and that because the court in *Debt Box* issued its order to show cause why the SEC should not be sanctioned one day before the CFTC first disclosed in this case that it knew, before filing its complaint, that the CAD $31.55 million transfers were tax payments, such information is relevant to the issues raised in their Motion for Sanctions.  (ECF No. 204 at 3.)

CFTC responds that it has agreed to produce documents that discuss the facts of this action in communications that also reference the *Debt Box* case, and that any such documents would also be responsive to other RFPs.  Any other documents that may exist that solely reference *Debt Box* and are not related to the facts of this action, however, are irrelevant and beyond the scope of permissible discovery.  (ECF No. 205 at 3.)

The Special Master agrees with the CFTC's position. Defendants' request with respect to RFP 14 is granted in part, to the extent that CFTC has agreed to produce documents that discuss the facts of this action in communications that also reference the *Debt Box* case, and denied in part, to the extent that the Request exceeds the scope of this limitation.

**RFP 15**

This RFP seeks:

> ALL DOCUMENTS and COMMUNICATIONS referring to or reflecting remedial measures or other action taken to "address concerns relating to the CFTC declaration submitted in support of the CFTC's complaint and the questions asked during Mr. Kazmi's deposition regarding privileged information," including but not limited to the remedial measures described in the February 29, 2024, email from R. Howell, CFTC, to A. Perry, Quinn Emanuel, et al. (ECF No. 172-3). Ex. 18.

Defendants argue that this information is discoverable because CFTC took the unusual step of removing the original Chief Trial Attorney and Lead Trial Attorney from this case, which is relevant to CFTC's state of mind and the remedial measures it took. Defendants also argue that the time period for this Request should extend through February 29, 2024. (ECF No. 204 at 4.)

In response, CFTC objects to the extension of the end-date of the time period from December 1, 2023 to February 29, 2024 and argues that information about CFTC's decision to add new attorneys to the case is not relevant to the issues raised in the Motion for Sanctions, asserting that allowing this discovery would be "invasive and unnecessary." (ECF No. 205 at 4.) CFTC also argues that CFTC's staffing changes and any other remedial actions are not the basis of the Motion for Sanctions.

While CFTC is correct that the conduct that forms the basis of Defendants' Motion for Sanctions does not include CFTC's subsequent remedial measures, discovery into these subsequent remedial measures could inform on and lead to the discovery of admissible evidence

5

on the underlying conduct. Accordingly, such information is discoverable, and the extension of time through February 29, 2024 is reasonable in this context.

To the extent responsive information includes, for example, "privileged internal staffing issues" (as CFTC asserts), CFTC retains the right to assert that privilege. Defendants retain the right to challenge any claims of privilege. The issue in this pending Motion is not whether information is protected from disclosure by a particular privilege but whether such information is discoverable within the contours of the Specials Master's April 30, 2024 Order. If there is a challenge to the assertion of a claim of privilege, the Special Master will address such matters separately.

Accordingly, the Special Master holds that RFP 15 is within the scope of permitted discovery and grants Defendants' request with respect to RFP 15.

### RFP 16

This RFP seeks:

> ALL DOCUMENTS and COMMUNICATIONS RELATED TO the $31,550,000 "[t]ransfer to unidentified Kazmi account" referenced in paragraph 29 of the Edelstein Declaration (ECF No. 23-44) that constitute Brady material, as derived from the U.S. Supreme Court case Brady v. Maryland, 373 U.S. 83 (1963). Ex. 1.

CFTC objects to this Request on the grounds that *Brady* does not generally apply in civil proceedings and that this action does not fall within the limited exceptions to the rule. (ECF No. 205 at 4, citing, United States v. Sierra Pac. Indus., Inc. 862 F.3d 1157 (9th Cir. 2017).) CFTC asserts that this Request seeks a subset of documents already responsive to RFP 1, which CFTC has already agreed to seek to waive privileges on and produce. CFTC further argues that it would be "burdensome and unnecessary to require the CFTC to make conclusions regarding *Brady* – a standard with which the CFTC's civil litigators have little experience – over documents already responsive to RFP 1, on which the parties have reached agreement." (ECF No. 205 at 5.)

6

Although the *Brady* rule does not generally apply in civil cases, there is at least one decision of the CFTC that has held that it applies in an administrative proceeding.[1] Because the CFTC is a governmental agency held to the highest standard of due diligence and has filed this action against Defendants for monetary sanctions, among other relief, and because the RFP at issue arises in the context of a Motion for Sanctions against CFTC, exculpatory evidence in the possession of CFTC that relates to the transfer at issue referenced in paragraph 29 of the Edelstein Declaration would inform the Special Master on the decision to be made on the underlying Motion for Sanctions. Accordingly, the Special Master holds that CFTC shall produce any document in its possession that relates to the transfer at issue and appears on its face to be exculpatory in nature, and if there is uncertainty as to whether such documents ought to be produced, they shall be submitted to the Special Master for *in camera* inspection. The Special Master grants Defendants' request with respect to RFP 16.

**RFP 17**

This RFP seeks:

> ALL DOCUMENTS and COMMUNICATIONS not requested above that support, refute, or otherwise concern Defendants' claims in their Motion for Sanctions (ECF No. 172), including ALL DOCUMENTS and COMMUNICATIONS identified in or used or relied upon in the preparation of the CFTC's Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 177), and ALL DOCUMENTS or COMMUNICATIONS produced to the CFTC by any person or entity in response to a subpoena or other formal or informal request for documents or things relevant to Defendants' Motion for Sanctions. Ex. 19, 20.

---

[1] See, In the Matter of First Guaranty Metals, Co., and Trending Cycles For Commodities, Inc. First National Monetary Corp., and Monex International, Ltd., CFTC No. 79-55 CFTC No. 79-55 (C.F.T.C.), CFTC No. 79-56, CFTC No. 79-57, Comm. Fut. L. Rep. P 21074, 1980 WL 15696 at *9 (July 2, 1980) (holding that the principles of the Brady rule are applicable to administrative enforcement actions that may yield substantial sanctions and the request at issue was specific).

CFTC objects to the request as an impermissible "catch-all request." (ECF No. 205 at 5.) The Special Master's April 30, 2024 Order requires that the RFPs be "narrowly tailored" to the issues in Defendants' Motion for Sanctions. The Special Master agrees that the first part of RFP 17 is not so narrowly tailored. In its Response to RFP 17, CFTC has already stated no documents exist that are responsive to the last part of the Request that calls for "documents produced to the CFTC in response to a subpoena or other information request made in connection with Defendants' Motion for Sanctions." The only other remaining part of the Request is for documents "identified in or used or relied upon in the preparation of the CFTC's Brief in Opposition to Defendants' Motion for Sanctions." The Special Master finds that this part of RFP 17 shall be narrowed to read: "documents identified in CFTC's Brief in Opposition to Defendants' Motion for Sanctions", and such documents should be produced. Accordingly, the Special Master grants in part and denies in part Defendants' request with respect to RFP 17, consistent with the finding above.

## III.  ORDER

**IT IS** on this 23rd day of July 2024;

**ORDERED** that the Defendants' Motion to Compel is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that RFP 12 is denied; and it is further

**ORDERED** that RFPs 11, 15 and 16 are granted; and it is further

**ORDERED** that RFP 14 is denied in part and granted in part as modified by the above Opinion; and it is further

**ORDERED** that RFP 17 is denied in part and granted in part as modified by the above Opinion.

**SO ORDERED**.

                                                    /s/ *Jose L. Linares*

                                                  Hon. Jose L. Linares, U.S.D.J. (Ret.)