# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Craig Carpenito
Direct Dial: (212) 556-2142
CCarpenito@kslaw.com

August 16, 2024

**VIA ECF**

Honorable Jose L. Linares (Ret.)
Special Master
McCarter & English LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102

      Re:    *CFTC v. Traders Global Group Inc.*, Case No. 3:23-cv-11808-ZNQ-TJB

Dear Judge Linares:

      On July 25, 2024, Your Honor granted, in part, Defendants' motion to compel the CFTC to produce certain documents responsive to Defendants' Requests for Production relating to Defendants' pending sanctions motions. Notably, Your Honor ordered the CFTC to produce documents responsive to Defendants' RFP 15, which seeks documents and communications relating to remedial measures the CFTC took after its misconduct came to light. Over the CFTC's objection, Your Honor found that such materials are discoverable because "discovery into these subsequent remedial measures could inform on and lead to discovery of admissible evidence on the underlying conduct." (ECF No. 214.)

      The CFTC nevertheless refuses to produce materials responsive to RFP 15. First, the CFTC continues to object to the production of materials dated December 2, 2023, or later. Second, the CFTC claims blanket privilege protection over dozens of documents responsive to RFP 15. Defendants have good reason to suspect the privilege designation is, in many cases, unwarranted and improper. As such, Defendants asked the CFTC to consent to submit the documents to the Court for *in camera* review. The CFTC refused, arguing that the materials are "privileged regardless of the precise contents of those communications."

      We, therefore, respectfully request that Your Honor direct the CFTC to produce for your review, *in camera*, a narrow set of documents responsive to RFP 15 (217 documents, in all) to assess whether the materials are, in fact, privileged and, if so, determine whether an exception to the privilege applies—that is, whether the interests of justice require that evidence of the government's misconduct and its failure to timely or adequately remediate be disclosed.

**Background**

On August 1, the CFTC sent Defendants a privilege log asserting that dozens of documents responsive to RFP 15, including e-mails, attachments, and handwritten notes, are protected by the attorney-client privilege, work-product privilege, and/or deliberative process privilege. The privilege log does not describe even in general terms the nature of most of these materials, instead providing only the "email subject/filename" (often nothing more than "Kazmi" or simply "Re:"), and making it impossible for Defendants to assess the CFTC's privilege claims.

On August 4, Defendants sent the CFTC an e-mail objecting to the log for its failure to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii), which requires the withholding party to "describe the nature of the documents [or] communications . . . not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." On August 5, the CFTC responded that it had "fully complied with Rule 26(b)(5)(A)(ii)" because "[e]ach of the documents on the privilege log is responsive to RFP 15" and "[t]hat is the nature and topic of the documents and communications." According to the CFTC, they need not provide any further details.

To avoid unnecessary motions practice, Defendants proposed that the parties agree to submit the documents to the Court for *in camera* review to assess the CFTC's claims of privilege. The CFTC would not agree to *in camera* review, insisting that the materials are "privileged regardless of the precise contents of those communications." Defendants nevertheless believe that the appropriate course is for the Special Master to review *in camera* 217 documents the CFTC refuses to produce. The CFTC's conduct of this litigation to date, including in discovery, inspires no confidence that its privilege designations should be accepted at face value. *In camera* review will ensure that all relevant information is properly disclosed prior to the sanctions hearing.

**Discussion**

Documents and communications relating to the CFTC's remedial efforts are likely to reveal the CFTC's internal assessment of the conduct at issue, its seriousness, and the adequacy of the CFTC's remedial steps. But the CFTC does not want to disclose those potentially harmful materials. Sadly, this is not the first time the Division of Enforcement has been less than transparent. CFTC Commissioner Pham recently criticized the Division for failing to promptly disclose to the Commission the admonishments in the Court's November 14, 2023, opinion or Defendants' well-founded allegations of misconduct. *See* ECF Nos. 207, 207-1. Given that the Division has repeatedly displayed what Commissioner Pham called a "lack of candor" and a "hide the ball" approach *with its own client*, *id.*, there is every reason to suspect it has continued to exploit similar tactics here. Respectfully, in the interests of justice, Your Honor should, therefore, exercise Your Honor's discretion to review *in camera* the relatively few materials responsive to RFP 15.

"District courts have long enjoyed the discretion to employ *in camera* procedures" in situations like this one. *ACLU of New Jersey v. F.B.I.*, 733 F.3d 526, 534 (3d Cir. 2013); *see also Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 855–56 (3d Cir. 1995) ("[I]n camera review is a highly appropriate and useful means of dealing with claims of governmental privilege"). Indeed, "*in camera* review is frequently the only way to resolve whether in fact the privilege asserted applies." *Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d

2

120, 125 (3d Cir. 1986). *In camera* review is especially appropriate here for several mutually reinforcing reasons.

*First*, the CFTC's conduct in this litigation and in responding to Defendants' discovery requests undermines confidence in the CFTC's privilege designations and responsiveness determinations, and strongly suggests the CFTC is attempting to conceal damaging information. In addition to refusing to correct its manifestly insufficient privilege log, the CFTC has made inconsistent redactions in materials produced pursuant to the Limited Privilege Waiver (ECF No. 212), redacting language in some documents that it left unredacted in others. The unredacted versions (which Defendants will also provide to the Court for *in camera* review upon request) show that the CFTC has, in some cases, improperly redacted portions of conversations that are plainly responsive to Defendants' requests for production, that bear directly on issues at the heart of Defendants' motion for sanctions, and that should have been produced unredacted pursuant to the Court's order and the Limited Privilege Waiver. The CFTC's inconsistent and improper approach to applying redactions to responsive materials is yet another indication of the CFTC's lack of candor with this tribunal—in direct violation of Your Honor's order to produce documents and information responsive to Defendants' requests for production. Defendants can only wonder what else the CFTC is hiding under claims of privilege or expansive redaction blocks, particularly as applied to materials responsive to RFP 15. The CFTC cannot continue to rely on dubious privilege claims and improper responsiveness redactions to hide potentially damaging communications from Defendants and this Court.

*Second*, Defendants' sanctions motion seeks to hold the government accountable for its troubling misconduct. Your Honor has recognized that there is good reason to believe the documents requested in RFP 15 "could inform on and lead to the discovery of admissible evidence." (ECF No. 214.) Still, the CFTC hides behind unsubstantiated privilege claims. But none of the privileges asserted by the CFTC is absolute. Indeed, "[w]here there is reason to believe the documents sought may shed light on the government's misconduct," the deliberative-process privilege "'is routinely denied,' on the grounds that shielding internal government deliberations in this context does not serve 'the public's interest in honest, effective government.'" *In re Sealed Case*, 121 F.3d 729, 746 (D.C. Cir. 1997) (quoting *Texaco Puerto Rico, Inc. v. Department of Consumer Affairs*, 60 F.3d 867, 885 (1st Cir. 1995)). And while work-product protection generally "shields disclosure of the attorney's preparations because higher values are to be served in protecting the thought processes of counsel," there is no "higher value … served by suppressing" evidence of "attorney misconduct undermining the integrity of this process." *Occulto v. Adamar of New Jersey, Inc.*, 125 F.R.D. 611, 617 (D.N.J. 1989). Similarly, "the ultimate aim" of attorney-client privilege "is to promote the proper administration of justice." *In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011). But it may not be relied upon to *frustrate* the fair administration of justice.

*Third*, the CFTC has already provided a Limited Privilege Waiver covering documents dated May 23, 2023, through December 1, 2023. Defendants see no reason why the waiver should not extend to documents responsive to RFP 15 dated December 2, 2023, or later, particularly considering Commissioner Pham's recent statement that the Division's remedial steps are inadequate. *See* ECF Nos. 207, 207-1. The CFTC manufactured this timing issue by refusing to agree to—or present to the Commission for approval—a Limited Privilege Waiver that covered documents dated December 2, 2023, or later. The CFTC should not be allowed to present a distorted and incomplete picture of the totality of its misconduct by selectively waiving privilege.

*Fourth*, Your Honor has already ruled that *in camera* review is appropriate with respect to the CFTC's obligation to produce *Brady* materials. (ECF No. 214 at 7 ("if there is uncertainty as to whether such documents ought to be produced, they shall be submitted to the Special Master for *in camera* inspection").) We believe *in camera* review of materials responsive to RFP 15 is also necessary and appropriate. Indeed, *in camera* review would promote judicial economy by enabling the court to assess the CFTC's privilege claims before the sanctions hearing. The number and length of the documents at issue (only 217 documents) is not so great as to make *in camera* review excessively burdensome or impractical.

We are at your disposal if more information or further briefing is required. Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Craig Carpenito*

Craig Carpenito

cc: All counsel of record (via ECF)