# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Craig Carpenito
Direct Dial: (212) 556-2142
CCarpenito@kslaw.com

September 16, 2024

**VIA ECF**

Honorable Elizabeth A. Pascal
U.S. Magistrate Judge
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & United States Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re:   *CFTC v. Traders Global Group Inc., Case No. 1:23-cv-11808-ESK-EAP*

Dear Judge Pascal:

On Saturday, September 14, 2024, Judge Jose Linares, who serves as Special Master in the above-captioned litigation, ordered the Commodity Futures Trading Commission ("CFTC") to produce a narrow set of documents for *in camera* review. We understand Your Honor has graciously agreed to conduct the review. We write on behalf of Defendants to provide additional context for the review.

*Background and Procedural History*

On March 7, 2024, Defendants filed a Motion for Sanctions against the CFTC, seeking to hold the agency accountable for false statements to the Court in its *ex parte* submissions for a statutory restraining order ("SRO") against Defendants, repeated failures to correct the record after its misstatements were revealed, and knowing misrepresentations to the Court during a November 6, 2023 preliminary injunction hearing. (ECF No. 172-1.) Pursuant to an April 30, 2024 Order of the Special Master, Defendants were "permitted to serve Requests for Production . . . narrowly tailored to the issues in [Defendants' Motion for Sanctions]" (ECF No. 188.) Defendants timely served Requests for Production on May 2, 2024.

The CFTC and Defendants subsequently agreed to enter into a Limited Privilege Waiver under which the CFTC would disclose certain materials for the limited purpose of responding to

discovery requests made in connection with Defendants' Motion for Sanctions and for use at any related evidentiary hearing. The Court entered a Protective Order that clarified the scope of the Limited Privilege Waiver. (ECF No. 212.) Notably, the Protective Order covers materials for the period of May 23, 2023 to December 1, 2023. The CFTC would not consent to extend limited waiver to materials dated December 2, 2023, or later, as Defendants requested.

Among Defendants' Requests for Production ("RFP"), RFP 15 seeks:

> ALL DOCUMENTS and COMMUNICATIONS referring to or reflecting remedial measures or other action taken to "address concerns relating to the CFTC declaration submitted in support of the CFTC's complaint and the questions asked during Mr. Kazmi's deposition regarding privileged information," including but not limited to the remedial measures described in the February 29, 2024, email from R. Howell, CFTC, to A. Perry, Quinn Emanuel, et al. (ECF No. 172-3).

(ECF No. 192-2.)

The CFTC objected to the production of materials responsive to RFP 15 that are dated December 2, 2023, or later. Over the CFTC's objection, on July 25, 2024, the Special Master held that such materials are discoverable: "[D]iscovery into these subsequent remedial measures could inform on and lead to the discovery of admissible evidence on the underlying conduct. Accordingly, such information is discoverable, and the extension of time through February 29, 2024 is reasonable in this context." (ECF No. 214.) The Special Master noted, too, that the CFTC could assert privilege over materials responsive to RFP 15, as appropriate.

On August 1, 2024, the CFTC sent Defendants a privilege log asserting that dozens of documents responsive to RFP 15, including e-mails, attachments, and handwritten notes, are protected by the attorney-client privilege, work-product privilege, and/or deliberative process privilege. On August 4, 2024, Defendants sent the CFTC an e-mail objecting to the log for its failure to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii), which requires the withholding party to "describe the nature of the documents [or] communications . . . not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." On August 5, 2024, the CFTC responded that it had "fully complied with Rule 26(b)(5)(A)(ii)" because "[e]ach of the documents on the privilege log is responsive to RFP 15" and "[t]hat is the nature and topic of the documents and communications." In short, the CFTC refused to produce *any* materials responsive to RFP 15 dated December 2, 2023, or later—persisting with the argument that the agency should not be required to produce materials dated December 2, 2023, or later, and claiming blanket privilege protection over dozens of documents responsive to RFP 15.

Defendants believe the privilege designation is, in many cases, unwarranted and improper. As such, Defendants proposed that the parties agree to submit the documents to the Court for *in*

*camera* review to assess the CFTC's claims of privilege. The CFTC refused, insisting that the materials are "privileged regardless of the precise contents of those communications." Therefore, in an effort to ensure that all relevant information is properly disclosed prior to the sanctions hearing scheduled to commence on Thursday, September 19, 2024, Defendants asked the Special Master to direct the CFTC to produce for review *in camera* a narrow set of documents responsive to RFP 15 (approximately 170 documents, in all) to assess whether the materials are, in fact, privileged and, if so, determine whether an exception to the privilege applies—that is, whether the interests of justice require that evidence of the government's misconduct and its failure to timely or adequately remediate be disclosed. (ECF No. 217.)

The Parties addressed Defendants' request for *in camera* review in a series of letters to the Special Master (ECF Nos. 217, 218, 219, 222, 223, 224.) The Parties also addressed Defendants' request for *in camera* review during a pre-hearing conference on August 29, 2024, during which the CFTC argued that *in camera* review is inappropriate because it may have a "chilling effect" on government enforcement attorneys.

By email dated September 14, 2024, the Special Master advised the Parties that he had considered the Parties' recent submissions, as well as the discussion during the pre-hearing conference, and decided that the best path forward is to have materials responsive to RFP 15 reviewed *in camera*. To address the issue of the potential chilling effect raised by CFTC, the Special Master explained, Your Honor agreed to undertake the *in camera* review.

***Context for RFP 15***

Defendants seek sanctions against the CFTC for its repeated misstatements to the Court in order to procure and to maintain an *ex parte* SRO that shut down Defendants' business, appointed a temporary receiver, and froze all of Defendants' assets. (ECF No. 172 at 2.) Most egregiously, in support of its August 28, 2023, *ex parte* SRO application, the CFTC asserted that $31.55 CAD had been transferred from one of Defendant's corporate accounts to an "unidentified Kazmi Account" (ECF 23 ¶ 29), knowing that the $31.55 transfer actually constituted lawful payments to Canadian tax authorities.[1] After the CFTC's *ex parte* application was granted without a hearing, the CFTC continued to rely on its misrepresentation about the $31.55 million transfer, including to oppose Defendants' request to modify the *ex parte* asset freeze. (ECF 72 at 9.)

At a preliminary injunction hearing on November 6, 2023, the CFTC's lead investigator, Matthew Edelstein, admitted for the first time that the $31.55 transfer was actually a tax payment, but he went on to mislead the Court about *when* he learned that the transfer was a lawful tax payment. (ECF 172-4 at 8:17-20.) On December 1, 2023, only after the Court significantly reduced the scope of the asset freeze and dismissed the temporary receiver, did the CFTC admit—in a footnote in its opposition to Defendants' request to split the dismissed temporary receiver's fees—

---

[1] This is not the only misconduct subject to Defendants' Motion for Sanctions. Defendants also seek sanctions for the CFTC's express and repeated attempts to invade Mr. Kazmi's attorney-client privilege during his deposition. ECF 172-1 at 21-22.

that the Ontario Securities Commission explicitly informed the CFTC, *11 days before* the CFTC filed its *ex parte* application, that the $31.55 transfer constituted tax payments. (ECF 148 at 5 n.2; ECF 148-1.)

In its Opinion regarding the CFTC's Motion for Preliminary Injunction, the Court found "[t]he CFTC has provided scant particularized evidence that supports a finding that Defendants intend to dissipate any assets." ECF No. 134 at 25. The Court further found that the "CFTC's failure to disclose or to correct Mr. Edelstein's error, and continued citation to the error even after realizing it was an error, is troubling at best" (*id.*), concluding, "to the extent that the transfer of $31,550,000 to an 'unidentified Kazmi account' was a factor supporting the grant of the *ex parte* SRO, the Court now assigns it no weight." *Id.* at 26. Judge Linares noted that he "shares the Court's concern" about the "troubling" timeline of the CFTC's conduct. ECF 164 at 6.

After Defendants notified the CFTC of their Motion for Sanctions, on February 29, 2024, CFTC Deputy Director of Enforcement Robert Howell advised Defendants that the CFTC took "action to address concerns relating to the CFTC declaration submitted in support of the CFTC's complaint and the questions asked during Mr. Kazmi's deposition regarding privileged information," including by "filing a corrected declaration," "updating staff through appropriate training," and "staff[ing] the litigation with a new Chief Trial Attorney and new lead line attorney." ECF 172-3 at 1-2.

Defendants' RFP 15 seeks materials that bear on the CFTC's decision to take such remedial measures, including the CFTC's ongoing investigation into the alleged misconduct, between December 2, 2023-February 29, 2024. The CFTC refuses to produce those materials. The documents Your Honor will review *in camera* are documents dated December 2, 2023, or later, that the CFTC concedes are responsive to RFP 15, but over which the CFTC claims some privilege. As explained in Defendants' letters to Judge Linares requesting *in camera* review of the documents the CFTC withheld (ECF Nos. 217, No. 219, 222), the privileges the CFTC claims are not absolute, and the CFTC's inconsistent and selective approach to privilege makes the validity of its claims highly suspect. The purpose of the *in camera* review is to assess whether the materials are, in fact, privileged and, if so, determine whether an exception to the privilege applies—that is, whether the interests of justice require that evidence of the government's misconduct and its failure to timely or adequately remediate be disclosed.

\*   \*   \*

We thank Your Honor for agreeing to undertake this *in camera* review. We are at your disposal, if additional information would be helpful to your analysis.

Respectfully submitted,

/s/ **Craig Carpenito**

Craig Carpenito

cc: All counsel of record (via ECF)