# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Craig Carpenito
Direct Dial: (212) 556-2142
CCarpenito@kslaw.com

March 10, 2025

Honorable Jose L. Linares (Ret.)
Special Master
McCarter & English LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102

Re:   *CFTC v. Traders Global Group Inc., Case No. 1:23-cv-11808-ESK-EAP*

Dear Judge Linares:

During the March 7 status conference, we requested that Your Honor order the CFTC to produce union grievances and related materials filed on behalf of Ashley Burden and Matthew Edelstein, and the CFTC's related responses. These materials contain narrative statements and other information bearing on Defendants' motion for sanction (ECF No. 172). We do not make this request lightly, especially given the long pendency of Defendants' sanctions motion. But we believe the grievance materials are directly relevant to Defendants' motion—as to the credibility of the CFTC's argument that the misconduct stems from good-faith mistakes; the truthfulness of Mr. Burden's and Mr. Edelstein's testimony during the evidentiary hearing; the CFTC's liability; and what sanctions must be imposed to redress and prevent recurrence of the CFTC's misconduct. These materials were initially requested from the CFTC immediately after the disclosure of their existence. However, despite this Court's ruling that *Brady* and its progeny apply in this matter, the CFTC declined to produce the materials.

The grievance materials comprise only a narrow set of documents that can be produced and reviewed quickly. Their probative value outweighs any modest delay.

**Background**

At the evidentiary hearing on September 19-20, 2024, Mr. Burden and Mr. Edelstein each expressed remorse for the misconduct at issue and described what he would have done differently. *See, e.g.*, Evid. Hr'g Tr. at 87:10-14 (Burden: "Certainly it was an error and certainly I regret it.");

1

*id.* at 249:7-17 (Burden: "I definitely should have said something or put something in a brief, like we agree with them this is a tax payment"); *id.* at 510:8-18 (Edelstein: "[T]he first thing I would do is I would change it to be reflective of tax payments based on that email that I got in the middle of August. But if we're assuming that I overlooked that email, I think the better way to describe this is just to say transfer to unidentified account, not with the name Kazmi there, because . . . I didn't really have a solid basis to do that."); *id.* at Tr. 530:3-18 (Edelstein: "I would have conducted a thorough review of my communications.").

Mr. Burden and Mr. Edelstein also accepted responsibility for the CFTC's misstatements to the Court and failures to correct the record. *See*, *e.g.*, Evid. Hr'g Tr. at 245:2-18 (Burden: "So I felt – and I still feel – like I should have been able to prevent Mr. Edelstein from mistaking the date when he . . . received this notification from the OSC about the tax payment. . . . If I had just looked [for the OSC email] before eliciting that testimony from Mr. Edelstein, we wouldn't have to make this correction to the Court, a correction to the correction."); *id.* at 350:5-10 (Burden acknowledged that he believed the "mistake" was one for which he should apologize); *id.* at 401:5-16 (Edelstein: "We acknowledged that it was a mistake. And I don't recall exactly what came out of that conversation other than acknowledging it. I expressed my apologies, my embarrassment for the mistake."); *id.* at 490:7-23 (Edelstein: "I was very upset about it. I was embarrassed that I had failed to act on the email and that my declaration had this mistake.").

And Mr. Burden and Mr. Edelstein admitted their misstatements to the Court resulted from sloppiness or carelessness and characterized the misconduct as a mistake. *See*, *e.g.*, Evid. Hr'g Tr. at 87:10-25 (Burden agreed his conduct was "sloppy" and "may have been careless"); *id.* at 338:5-339:2; *id.* at 350:5-7 (Burden testified he made a "mistake"); *id.* at 401:5-16 (Edelstein: "[I] it was a mistake. . . . I expressed my apologies, my embarrassment for the mistake.").

Taken together, these expressions of contrition permitted the CFTC to argue to the Court that the CFTC made an innocent mistake, that Mr. Burden and Mr. Edelstein have already been "embarrassed by their mistake" and are "contrite about what happened," Evid. Hr'g Tr. at 83:10-13, and that "Mr. Burden and Mr. Edelstein know that they made mistakes, that they've admitted their mistakes, and that a sanction is not going to cause any more appreciation for that than they already have. They know it's a problem," Closing Argument Tr. at 127:12-19.

But on January 7, 2025, the CFTC advised Your Honor that "the Commission received two union grievances filed on behalf of Ashley Burden and Matthew Edelstein concerning their annual performance assessments, which contain narrative statements concerning their actions in the above-captioned case." Letter from B. Young to Linares, J. (Jan. 7, 2025). According to the CFTC, the grievances seek to remove narrative portions of Mr. Burden's and Mr. Edelstein's 2024 annual performance assessments that reference actions taken in connection with this litigation, including references to the submission of Mr. Edelstein's false declaration in support of the CFTC's motion for a statutory restraining order. The grievances include, as exhibits, a six-page written submission prepared by Mr. Burden and a one-paragraph submission prepared by Mr. Edelstein. The CFTC contends that "the materials related to the grievance are outside the time period set forth in the

court's prior discovery order," but nevertheless "concluded it prudent to disclose the existence of the grievance to the court and to counsel for the Defendants." *Id.*

*Analysis*

To the extent the grievance materials contradict the sworn testimony of Mr. Burden and Mr. Edelstein and/or the CFTC's arguments to the Court, these materials comprise new evidence that is discoverable under *Giglio v. United States*, 405 U.S. 150, 152 (1972). In particular, the fact that Mr. Burden and Mr. Edelstein filed grievances calls into question the veracity of their expressions of remorse at the evidentiary hearing, and undermines the CFTC's core argument that no sanction is necessary because Mr. Burden and Mr. Edelstein have learned their lesson. Moreover, to the extent that the grievance materials indicate that the CFTC's management knew or approved of the misconduct at issue, the materials are directly relevant to the need for sanctions.

The documents at issue are core *Brady* material. Your Honor previously held that *Brady* material may be discoverable in this case. ECF No. 214 at 6, *citing In the Matter of First Guaranty Metals, Co., and Trending Cycles For Commodities, Inc. First National Monetary Corp., and Monex International, Ltd.*, Comm. Fut. L. Rep. P 21074, 1980 WL 15696 at *9 (July 2, 1980) (holding that the principles of the *Brady* rule are applicable to administrative enforcement actions that may yield substantial sanctions and the request at issue was specific). *Brady* material includes *Giglio* material. *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 280 n.4 (3d Cir. 2021) ("As the Supreme Court made clear . . . *Brady*'s rule applies equally to evidence that could have been used for impeachment purposes.").

The Government is obligated to correct false testimony, even when the Government does not solicit it. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). The Government's corrective obligation applies even if the falsity only goes to the witness's credibility, as opposed to the ultimate issue of liability. *Id.* Moreover, the Government has a continuing obligation to disclose *Giglio*/*Brady* material that "extends to all stages of the judicial process," and a court may reopen proceedings based on newly discovered evidence. *See, e.g.*, *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997) (duty to disclose *Brady* material that arose while appeal was pending); *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992) (duty to disclose *Brady* material during habeas proceedings); *United States v. Johnson*, 557 F. Supp. 2d 1066, 1072 (N.D. Cal. 2008) (duty to disclose *Brady* material before deadline to move for new trial expires).

If Mr. Burden and Mr. Edelstein said one thing on the stand—that they were careless and sloppy, but are remorseful and accept responsibility for their conduct—and another thing in connection with union grievances, these contradictions bear on the credibility of the CFTC's representations to this Court, on the truthfulness of Mr. Burden's and Mr. Edelstein's testimony before Your Honor during the evidentiary hearing, on the CFTC's liability for the misconduct, and on what remedial sanctions must be imposed. The probative value of this information outweighs the cost of any modest delay, and we request that Your Honor order the CFTC to produce the union grievances and related materials.

                                                Respectfully submitted,

                                                Craig Carpenito

cc: All counsel of record (via ECF)