## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**COMMODITY FUTURES TRADING COMMISSION,**

      **Plaintiff,**

      **v.**

**TRADERS GLOBAL GROUP INC.,** *et al.,*

      **Defendants.**

**Case No. 23–cv–11808–ESK–EAP**

**OPINION AND ORDER**

**THIS MATTER** having come before the Court on its order (ECF Nos. 247, 260) granting defendants' Motion for Sanctions (Motion) (ECF No. 172); and defendants, at the Court's direction, having filed on May 16, 2025 a declaration of fees and costs (Declaration) (ECF No. 262) attributable to the prosecution of the Motion; and plaintiff having no objections to the Declaration (ECF No. 264); and defendants having filed on May 29, 2025 a supplemental declaration of fees and costs attributable to the prosecution of the Motion (Supplemental Declaration) (ECF No. 267); and plaintiff having no objections to the Supplemental Declaration (ECF No. 268); and the Court finding,

1.    Courts are "required to perform a 'positive and affirmative function in the fee fixing process." *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.2001)). Courts must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Maldonado*, 256 F.3d at 184). "[T]he district court retains a great deal of discretion in deciding what a reasonable fee award is." *Id.* (quoting *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir.1989)). "In determining whether the fee request is excessive ... the court will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires." *Id.* (alteration in original) (quoting *Bell*, 884 F.2d at 721).

2.    "The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).    The party seeking fees bears the burden of establishing the reasonableness of its fees.    *Interfaith Cmty. Org. v. Honeywell Int'l. Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).    Thus, "the fee petitioner must submit evidence supporting the hours worked and rates claimed."    *Id.*

3.    Between September 1, 2023 and March 31, 2025, Quinn Emanuel Urquhart & Sullivan, LLP charged defendants $2,265,688.95 for 1,1511.9 hours of work relating to the prosecution of the Motion.    (ECF No. 262 ¶ 13).    The following are the highest rates per hour that Quinn Emanuel billed for this matter: $1,810 for Partner Robert Zink; $1,735 for Partner Avi Perry; $1,735 for Partner Kurt Wolfe; $1,465 for Associate Dakota Speas; $1,305 for Associate Matthew Feibert; and $1,280 for Associate Isabelle Sun.    (*Id.* ¶ 12.)    Quinn Emanuel charged defendants an additional $58,709.18 in cost disbursements. (*Id.* ¶ 16.)    Between April 1, 2025 and May 20, 2025, Quinn Emanuel charged defendants $148,273.75 for 93.2 hours of work and $29.40 in cost disbursements relating to the prosecution of the Motion.    (ECF No. 267 ¶¶ 4, 6.)

4.    Between September 1, 2023 and March 31, 2025, King & Spalding, LLP charged defendants $469,109.60 for 406.68 hours of work relating to the prosecution of the Motion.    (ECF No. 262 ¶ 24.)    The following are the highest rates per hour that King & Spalding billed for this matter: $1,700 for Partner Craig Carpenito; $1,510 for Partner Jeffrey S. Bucholtz; $1,115 for Partner Alexander Kazam; $1,160 for Associate T.J. Scrivo; $910 for Associate Paige Tenkhoff; and $760 for Associate Nicholas Cohen.    (*Id.* ¶ 23.)    King & Spalding charged defendants an additional $7,880.59 in cost disbursements.    (*Id.* ¶ 27.) Between April 1, 2025 and May 20, 2025, King & Spalding charged defendants $24,208.00 for 17.8 hours of work and $240.12 in cost disbursements relating to the prosecution of the Motion.    (ECF No. 267 ¶¶ 7, 9.)

5.    From the inception of when the Court appointed the Honorable Jose L. Linares, U.S.D.J. (ret.) as Special Master (*see* ECF No. 122) to March 31, 2025, McCarter & English, LLP charged defendants, at rates ordered by the Court (*id.* ¶¶ 6, 7), $140,868.13 for 335.20 hours of work relating to the prosecution of the Motion (ECF No. 262 ¶ 33).    McCarter & English charged defendants an additional $12,247.76 in cost disbursements.    (*Id.* ¶ 36). Between April 1, 2025 and May 28, 2025, McCarter & English charged defendants $21,228.75 for 51.3 hours of work.    (ECF No. 267 ¶ 10.)

6.    The Court has carefully reviewed the Declaration, Supplemental Declaration, and supporting exhibits.    (*See* ECF Nos. 262, 267.)    The Court finds defendants have satisfied their burden of establishing the reasonableness of their fees and costs through their extensive time-billing records.    The Court concludes that the tasks performed were integrally connected with the prosecution of the Motion.    Considering the complexity of the matter, the issues involved in the Motion, and the challenges faced by defendants in defending against a federal agency's serious allegations of $300 million in potential liability, defendants' retention of highly experienced counsel at the hourly rates charged was a reasonable and necessary choice.

Accordingly,

**IT IS** on this    **11th** day of **July 2025    ORDERED** that:

1.    The order dated May 18, 2025, referring the assessment of the Declaration to the Honorable Jose L. Linares, U.S.D.J. (ret.), as Special Master, for a Report and Recommendation, is **vacated.**

2.    Defendants are awarded **$3,148,484.22** in legal fees and costs from plaintiff.

3.    The Clerk of the Court is directed to mark this matter as **closed.**

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**